UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS WILLIAMS,

    Plaintiff,

v.

CASE NO. 15-10507
HON. DENISE PAGE HOOD

DANIEL HEYNS,[1] PATRICIA CARUSO,
and the MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN**

    This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff Carlos Williams is a state prisoner at Brooks Correctional Facility in Muskegon, Michigan. The defendants are: the Michigan Department of Corrections; Daniel Heyns, director of the Michigan Department of Corrections; and Patricia Caruso, a former director of the Department of Corrections.

    Plaintiff alleges in his complaint that, while he was incarcerated at the Chippewa Correctional Facility in 2010, he was found guilty of fighting with his cell mate and ordered to pay $1,584.54 in medical fees for the injuries his cell mate sustained during the fight. Prison officials subsequently began to deduct money from Plaintiff's prison account to pay the medical fees. They had collected $347.05 as of the date of the complaint. Plaintiff contends that restitution is appropriate only in cases of property damage or where the

---

[1] Plaintiff spelled this defendant's surname "Heynes." Because the correct spelling is "Heyns," *see* "Meet the Director" at www.michigan.gov/corrections, the Court has altered the spelling.

prisoner is found guilty of assault. He also contends that he was not provided notice or any documentation as to why the medical bill was $1,584.54. He claims that deducting funds from his prison account for the medical co-payments violates his right to due process of law and subjects him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He seeks money damages and an injunction ordering the defendants to stop withdrawing funds from his account.

A preliminary question is whether this District is the proper venue for Plaintiff's complaint. In civil actions, the proper venue is the judicial district where (1) any defendant resides if all defendants reside in the state where the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b); *see Holt v. Pitts*, 619 F.2d 558, 559 n.2 (6th Cir. 1980) (explaining that, "[t]here is no special venue statute for civil rights actions, and thus venue is controlled by 28 U.S.C. § 1391 (nondiversity actions are to be brought either in the district where all defendants reside or in the district in which the claim arose)"). When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

The event giving rise to Plaintiff's claims occurred at Chippewa Correctional Facility in Kincheloe, Michigan, which lies in Chippewa County. As for the defendants, the Michigan Department of Corrections and Director Daniel Heyns have their offices in Lansing, Michigan, and defendant Caruso also maintained an office in Lansing. Lansing lies in Ingham County, and both Ingham and Chippewa Counties lie within the geographical

confines of the Western District of Michigan. As such, the Western District of Michigan is the appropriate forum for Plaintiff's complaint.

In the interest of justice, the Court chooses to transfer this case rather than to dismiss it for failure to file the complaint in the proper district. Accordingly, the Court orders the Clerk of the Court to transfer this case to the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). This Court has not screened Plaintiff's case under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), nor determined whether Plaintiff may proceed without prepayment of the filing fee.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 26, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager